```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF ILLINOIS
                       EASTERN DIVISION

PATRICIA REED,                    )
                                  )
            Plaintiff,            )
                                  )
     v.                           )     No.  12 C 7298
                                  )
ALBIN CARLSON & CO.,              )
                                  )
            Defendant.            )
```

<u>MEMORANDUM ORDER</u>

During this morning's previously-scheduled status hearing in this action, this Court learned that counsel for defendant Albin Carlson & Co. ("Albin") had earlier filed a responsive pleading to the employment discrimination Complaint brought against it by Patricia Reed ("Reed") without having delivered a hard copy of that Answer and Affirmative Defenses ("ADs") to this Court's chambers as required by LR 5.2(f). Albin's counsel has now provided such a chambers copy, and this memorandum order is issued sua sponte to address some problematic aspects of that responsive pleading.

To begin with, Answer ¶3 departs from the clear roadmap prescribed by Fed. R. Civ. P. ("Rule") 8(b)(5) as the basis for getting the benefit of a deemed denial of Reed's allegations in that paragraph of the Complaint. That error must be corrected--but more importantly, Albin's counsel there "denies all conditions precedent to the claims asserted in Plaintiff's Complaint have been satisfied," but counsel has not identified

the claimed deficiency in that respect. More is required under the principles of notice pleading that federal practice imposes on defendants as well as plaintiffs, and Albin's counsel must therefore flesh out that contention.

Next, some of the denials in the Answer seems to make no sense. For example, just what is being denied in Answer Count I ¶9 and Count II ¶9? Answer Count III ¶15 also appears questionable.

As for the ADs, several appear to require correction. Here they are:

1. Inclusion of the phrase "to the extent," which appears in AD 1 and some other ADs, is a sure tipoff to an AD's failure to provide sufficient information in notice pleading terms. If Albin in serious about asserting such an AD, that locution must be replaced by specifics. Accordingly ADs 1, 2 and 4 are stricken--but Albin is free to replace one or more of them with a properly informative AD.

2. AD 5 overstates the case for nonliability on Albin's part. If for example any of its supervisory personnel engaged in discriminatory conduct, Albin may still be liable despite what it asserts in AD 5.

3. ADs 6 and 7 also require fleshing out if Albin hopes to avoid liability. For this and other purposes, what

2

has been said here in connection with Albin's ADs has accepted Reed's allegations as true (without of course making any findings in that respect), as is called for by Rule 8(c) and the caselaw applying it--see also App'x ¶5 to <u>State Farm Mut. Auto. Ins. Co. v. Riley</u>, 199 F.R.D. 276, 279 (N.D. Ill. 2001)).

Albin's counsel is expected to cure the problems identified in this memorandum order on or before December 17, 2012. No charge is to be made to Albin by its counsel for the added work and expense incurred in correcting counsel's errors. Albin's counsel are ordered to apprise their client to that effect by letter, with a copy of that letter to be transmitted to this Court's chambers as an informational matter (not for filing).

_____
   Milton I. Shadur
   Senior United States District Judge

Date:  December 4, 2012